United States Bankruptcy Court

Eastern District Of Washington

| | |
|---|---|
| Jesus Rodriguez, aka Jessie Rodriguez and Imelda Rodriguez, aka, Maria Rodriguez, husband and wife.<br><br>Debtors.<br>_____<br>Valley Investments, Inc. a Washington corporation d/b/a Kirby of Yakima.<br><br>Plaintiffs,<br>vs.<br><br>Jesus Rodriguez, aka Jessie Rodriguez and Imelda Rodriguez, aka, Maria Rodriguez,<br><br>Defendants. | NO. 04-04261-JAR7<br><br>ADV. PROCEEDING NO. A-04-00208-JAR7<br><br>MEMORANDUM OPINION<br><br>FILED<br><br>MAR 04 2005<br><br>T.S. McGREGOR, CLERK<br>U.S. BANKRUPTCY COURT<br>EASTERN DISTRICT OF WASHINGTON |

Plaintiff asserts that Debtor's obligation to it is non dischargeable under 11 USC § 523. At the trial of the case the Plaintiff focused on 4 separate causes of action under Section 523: §523(a)(2)(A) actual fraud; §523(a)(2)(B) use of a written false financial statement; §523 (a)(2)(C) purchase of luxury goods within sixty days of bankruptcy; and §523(a)(6) willful and malicious injury.

The court will start with the § 523 (a)(2)(A) cause of action. This cause of action would require a showing that the Debtors had actual intent to defraud the Plaintiff in this transaction. The evidence before the court shows that the Debtors signed their bankruptcy schedules on the morning of May 27, 2004. In the afternoon of May 27, 2004, the Debtors signed the documents with Kirby of Yakima. After signing these documents, the Debtors added Kirby of Yakima to their bankruptcy schedules prior to the time of filing their bankruptcy papers with the court on May 28, 2004. Kirby of Yakima was listed as an unsecured creditor on these

**MEMORANDUM OPINION**      1

schedules in the amount of $1,500, approximately the amount of the $1,480 figure contained on the written contract signed by Debtors of May 27, 2004. This creates a significant problem for the Debtors, did they enter into this deal with the intent not to pay for the vacuum cleaner? If they did, this would be fraud. Simply listing the Kirby on their schedules does not necessarily prove fraudulent intent. The Debtors could simply continue to make the payments on the Kirby or ask to reaffirm the Kirby debt. They did neither, explaining that the vacuum cleaner was stolen shortly after they obtained. It. If the court believed this, it might be a viable defense.

The second cause of action relied upon by the Plaintiff is §523(a)(2)(B), obtaining property on the basis of a written false financial statement. Kirby of Yakima relies upon Exhibit 4 as the written financial statement. This contains a number of factual representations including the following:

1) that Jesus Rodriguez makes $1800/month from Harris Farms.
2) that Imelda Rodriguez makes $1800/month from Harris Farms
3) in the section marked references under the blank "Landlord or mortgage holder," the blank is filled in "Paid for"; the "property value" blank shows $140,000 (??$190,000); under "account number and address" the blank is filled in "own"; "Mo Pmt" show "0"; and Pres Bal shows "0".

All of these statements appear to be inconsistent at least in part with the documentation signed for the bankruptcy on May 27, 2004 and filed with the court on May 28, 2004.

A significant problem for the Plaintiff here is that the Debtors neither speak nor read English and this form is in English. The salesman who prepared the document for the Debtors' signature was not present to testify as to what representations were made to him by the Debtors. This is a significant problem.

Kirby of Yakima also relies on §523(a)(2)(C) which deals with the purchase of luxury goods valued at more than $1225 within 60 days of filing bankruptcy. It is not clear that this vacuum cleaner is a luxury good.

Finally Kirby of Yakima argues that the Debtors' action constitutes willful and malicious conduct. In essence Kirby is arguing that the Debtors intentionally converted the Plaintiff's collateral. Jesus Rodriguez testified that his daughter Jessica borrowed the vacuum cleaner

**MEMORANDUM OPINION      2**

shortly after they got it and took it to Sunnyside. Jessica Rodriguez testified that she left the vacuum cleaner on her porch in Sunnyside and it was stolen. Although it was an expensive item, Jessica decided not to report the theft to the police. Her reasons for not reporting the theft are unclear. Kirby contests Jessica's story that the vacuum was stolen. It appears in the past, the Debtors had attempted to purchase a vacuum cleaner from Kirby under similar circumstances, but that the vacuum had been repossessed because of Debtors poor credit.

The burden of proof in this case rests on the Plaintiff, Kirby of Yakima. The standard of proof is by a preponderance of the evidence. I find that it is more likely than not that the Debtors obtained the vacuum cleaner by fraud when they obtained it the day before they filed bankruptcy and included the debt in their bankruptcy schedules. They made no payments on the obligation nor did they seek to reaffirm the obligation. The Debtors' explanation that the failure to pay or reaffirm the debt was because the vacuum was stolen from their daughter is unconvincing given the failure to report the alleged theft.

I therefore conclude that the Debtors' obligation to Kirby is non dischargeable in that it was incurred by fraud within the terms of §523(a)(2)(A) and that the Debtors actions constituted willful conversion of the Kirby's property under the terms of §523(a)(6). Kirby did not meet the burden of proof in regard to the written false financial statement and luxury goods counts.

The Court finds that Kirby was damaged by the Debtors' conduct in the sum of $1480, the cash price from Exhibit 2. This price appears to have been already discounted for Debtors' trade in vacuum cleaner.

Kirby seeks an award of attorney fees in this matter. It bases its claim for attorney fees on the terms of its contract. The contract was never formed. The testimony at trial was that the contract was conditioned upon acceptance of the Debtors' credit by United Consumer Financial Services Company. That acceptance was never obtained. This was a condition precedent to formation of the contract. If the contract was not formed or was rescinded by the seller, its terms would not be enforceable.

In any event, attorneys fees are not generally recoverable when bankruptcy law

**MEMORANDUM OPINION** 3

governs the substantive issues before the court. In re Hassen Imports Partnership, 256 B.R. 916, at 920-921; (9th Cir. BAP. 2000.) This case involves the substantive application of 11 USC §523, which does not provide for allowances of attorney fees in the circumstances of this case. Therefore Kirby's motion for award of attorneys fees is denied. Of course, the Debtors are not entitled to an award of attorneys fees under 11 USC §523(d) since they have not prevailed in this adversary proceeding.

This decision will constitute my Findings of Fact and Conclusions of Law pursuant to Federal Rules of Bankruptcy Procedure Rule 9014 and Rule 7052.

DONE this ____4____ day of March, 2005.

_____
JOHN A. ROSSMEISSL
Chief Bankruptcy Judge

**MEMORANDUM OPINION        4**